**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **THOMAS E. NOBLE,** | CASE NO. 4:23 CV 215 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **WARDEN,** | |
| | **MEMORANDUM OPINION** |
| Respondent. | **AND ORDER** |

### INTRODUCTION

*Pro se* petitioner Thomas E. Noble is a federal inmate currently incarcerated at the Federal Medical Center, Devens ("FMC Devens") in Massachusetts. At the time of filing the petition, Petitioner was incarcerated at the Federal Correctional Institution, Elkton ("FCI Elkton") in Ohio. He has filed a petition for a writ of habeas corpus pursuant to "28 U.S.C. §§ 2241, 2243, and 2255." (Doc. 1). For the following reasons, this action is dismissed.

### BACKGROUND

On February 3, 2023, Petitioner filed this habeas petition alleging he is a "wrongfully imprisoned" disabled geriatric veteran. *See* Doc. 1. Petitioner claims he has been deprived of an impartial court "for the last several decades"; he has been deprived of his right to be heard; he was wrongfully imprisoned from 2013 to 2016 for "Orwellian thought crimes, sight crimes, and for exercising a constitutional right"; and he should have been declared innocent by reason of mental illness. *Id.* at 1-3.

Petitioner also appears to allege that Scott Harris, United States Supreme Court Clerk of Court, and Judge Stark, of the United States District Court for the District of Delaware, have

committed crimes against him. Petitioner claims Mr. Harris criminally obstructed Petitioner's court filings and retained a filing fee overpayment; Mr. Harris and Judge Stark conspired to "cause inculpatory [sic] evidence … to disappear from the record"; Judge Stark conspired with Delaware State officials to wrongfully imprison Petitioner in 2017; and Judge Stark attempted to have Petitioner murdered. *Id.* at 2-4.

On February 17, 2023, Petitioner filed a "Motion to Addend Petition" in which he reiterated many of the same allegations contained in his original petition. *See* Doc. 2. He also added the following purported claims: "Mr. McDonough" refused to retroactively reinstate his monthly VA disability income; he is still awaiting numerous surgeries, including brain and eye surgeries; and FCI Elkton staff are obstructing his legal mail and attempts to access the administrative process. Doc. 2-1.

Petitioner requests this Court overturn his conviction, release him to Delaware, and enjoin all federal and state prosecutors from prosecuting him in the future. (Doc. 1, at 4). He also requests that the Department of Justice prosecute Mr. Harris and Judge Stark for their alleged crimes against him. *Id.* In his Amended Petition, Petitioner additionally requests reinstatement of his VA benefits and a prison transfer. (Doc. 2-1, at 4).

On February 24, 2023, Petitioner filed a Motion for Evidentiary Hearing (Doc. 6), and on March 13, 2023, Petitioner filed a Motion to Transfer/Change Venue (Doc. 10).

## STANDARD OF REVIEW

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). And the Court must summarily dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas

Corpus Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

A *pro se* petitioner's habeas petition is liberally construed. *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

### JURISDICTION

As an initial matter, this Court has jurisdiction over this case. The proper respondent to a petition for a writ of habeas corpus is the petitioner's immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Supreme Court case law, however, makes it clear that if a petitioner properly brings a habeas corpus case in one district and is transferred to another jurisdiction while the action is pending, the court in which the petition was originally filed retains jurisdiction and remains the appropriate venue. *Id.* at 440-41; *Ex parte Mitsuye Endo*, 323 U.S. 283, 306 (1944). Therefore, Petitioner's transfer from Ohio's FCI Elkton to Massachusetts's FMC Devens did not divest the Northern District of Ohio of jurisdiction over this case.

Accordingly, Petitioner's Motion to Transfer/Change Venue (Doc. 10). is denied.

### DISCUSSION

Habeas corpus is available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Generally, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

Section 2255 provides a means by which a federal prisoner may challenge his conviction or sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). By contrast, Section 2241 is appropriate for claims challenging "'the execution or manner in which the sentence is

served'—those things occurring within prison." *Taylor v. Owens*, 990 F.3d 493, 495-96 (6th Cir. 2021) (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility). Section 2241, however, is not available to review questions unrelated to the cause of detention. *Martin*, 391 F.3d at 714. Nor is it generally available to challenge the validity of the sentence itself. *Capaldi*, 135 F.3d at 1123 (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Rather, a federal prisoner seeking to challenge his sentence generally must do so by filing a motion to vacate, set aside, or correct his sentence in the sentencing court under Section 2255, not the district of his detention under Section 2241. *See Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019) ("The best judge to fix a sentence is a judge intimately familiar with the defendant, the case, and the local practices. Not a judge who has never touched the case before.").

Here, Petitioner indicates on the face of his petition that he is challenging his "wrongful[] imprison[ment]" and the deprivation of his right to be heard and the right to an impartial court. (Doc. 10). There is no indication from the petition that Petitioner seeks to challenge the manner in which his sentence is being executed. Section 2241 is therefore not an available remedy. To the extent he seeks release from his sentence, Petitioner must file a motion to vacate, set aside, or correct his sentence in the sentencing court under Section 2255. *See Wright*, 939 F.3d at 698. Although Petitioner indicates that he is filing this petition under Section 2255, the United States District Court for the Northern District of Ohio is not Petitioner's sentencing court. *See* Doc. 1, at 2-3 (identifying the United States District Court for the District of Delaware as the court of conviction).

Additionally, prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973); *Grief v. Williams*, 2019 WL 5864783, at *2 (N.D. Ohio) (citations omitted) (stating a federal prisoner who desires to challenge the conditions of his confinement must file a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement." Therefore, any claim that does not directly affect the fact or duration of the prisoner's confinement must be raised in a civil rights action, not a habeas action.

Here, to the extent Petitioner challenges the medical care he is receiving at FMC Devens, the alleged interference with his legal mail, or the disability benefits he is not receiving, he is not challenging the fact or duration of his confinement. Rather, he is asserting a challenge to the conditions of his confinement that must be raised in a civil rights action. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Martin*, 391 F.3d at 714 (finding "no grounds for habeas relief were established" where a prisoner alleged his constitutional rights were violated as a result of delay and denial of medical treatment).

Petitioner also alleges Mr. Harris retained an overpayment of his filing fee; this claim appears to sound in tort. Federal tort claims are not properly brought in a Section 2241 petition because they do not affect the length or duration of a federal sentence. *Smith v. Zuercher*, 2009 WL 499112, at *3 (E.D. Ky.).

Finally, Petitioner alleges Mr. Harris and Judge Stark engaged in criminal conduct, and he requests that criminal charges be brought against them. Courts do not have the authority to launch criminal investigations, file criminal charges, or direct a prosecutor to file charges. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."); *Viola v. Ohio Att'y Gen.*, 2021 WL 510746, at *28 (N.D. Ohio). Moreover, "a private citizen cannot compel a criminal investigation or prosecution against another." *Bell v. Biven*, 2020 WL 3256832 at * 2 (6th Cir.); *see also Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation.").

## CONCLUSION

For the foregoing reasons, good cause appearing it is

ORDERED that the petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is, DENIED, and this action is DISMISSED pursuant to 28 U.S.C. § 2243; and it is

FURTHER ORDERED that Petitioner's Motion for Evidentiary Hearing (Doc. 6), be and the same hereby is, DENIED AS MOOT; and it is

FURTHER ORDERED that Petitioner's Motion to Transfer/Change Venue (Doc. 10), be and the same hereby is, DENIED; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE
